UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| DONALD LOSTON | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 17-4842 |
| BURL CAIN | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is defendant Donald Loston's motion to allow him to proceed *in forma pauperis* on appeal.[1] Because Loston's arguments lack good faith, the Court denies the motion.

## I. BACKGROUND

Loston is a state prisoner incarcerated at the Raymond Laborde Correctional Center in Louisiana.[2] On July 15 and 16, 2013, Loston was tried before a jury and found guilty of armed robbery.[3] He was sentenced to fifty years at hard labor without the benefit of probation, parole or suspension of sentence.[4]

---

[1] R. Doc. 17.
[2] *Id.* at 1.
[3] R. Doc. 10 at 1.
[4] *Id.* at 2.

On June 6, 2017, Loston filed a petition for habeas corpus under 28 U.S.C. § 2254.[5] He asserted the following claims: (1) constructive denial of counsel; (2) appointed counsel had a conflict of interest; (3) ineffective assistance of counsel for failure to challenge the jury venire; (4) ineffective assistance of counsel for failure secure an expert witness; (5) ineffective assistance of counsel for failure to adequately investigate or provide meaningful adversarial testing; and (6) insufficient evidence supported his armed robbery conviction.[6] The Court referred the matter to Magistrate Judge Daniel Knowles, who issued a Report and Recommendation.[7] Magistrate Judge Knowles determined that Loston's claims were meritless and recommended that the petition be dismissed with prejudice.[8] On August 2, 2018, the Court adopted the Report and Recommendation as its opinion and dismissed Loston's petition with prejudice.[9] Loston appealed the Court's decision on August 31, 2018.[10] He now seeks to proceed *in forma pauperis* on appeal.[11]

---

[5]   R. Doc. 3.
[6]   *Id.* at 6-12.
[7]   R. Doc. 10.
[8]   *Id.* at 39.
[9]   R. Doc. 14.
[10]  R. Doc. 16.
[11]  R. Doc. 17.

## II. LEGAL STANDARD

A claimant may proceed with an appeal *in forma pauperis* if he meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Based on this information, the district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant must provide the court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress."). Third, the claimant's appeal must be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v.*

3

*Hale*, 73 F. App'x 755 (5th Cir. 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992)).

**III. DISCUSSION**

Loston's motion to proceed *in forma pauperis* suggests that he is unable to pay the fees related to his appeal. The motion and supporting documentation indicate that Loston's current inmate balance is $4.52, and he has no other assets.[12] Loston's motion must nevertheless be denied because his appeal is not taken in good faith.

Loston appeals the Court's dismissal on five grounds: (1) constructive denial of counsel; (2) appointed counsel had a conflict of interest; (3) ineffective assistance of counsel in that counsel had failed to challenge the jury venire on equal protection grounds; (4) ineffective assistance of counsel in that counsel failed to retain an expert witness or subject the prosecution's case to meaningful adversarial investigation, (5) the state failed to meet its burden of proof in his armed robbery conviction.[13] All of these grounds for appeal merely reiterate claims that Loston presented in his original petition, which the Court dismissed as meritless.[14] These claims lack an arguable

---

12   R. Doc. 17 at 2.
13   R. Doc. 16 at 5-12.
14   R. Doc. 14.

basis in either law or fact, as explained in the Court's order adopting the Magistrate Judge's Report and Recommendation.[15] They are therefore frivolous and not in good faith.

To the extent that Loston's third ground for appeal differs from the third ground of his original petition for habeas corpus, because he has now alleged an equal protection violation, the claim is frivolous. Petitioners cannot raise issues for the first time on appeal to the Fifth Circuit unless failure to consider them would result in manifest injustice. *See Lawson v. Moore*, No. 95-60090, 1995 WL 450114, at *1 (5th Cir. Jun. 30, 1995) (quoting *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)). Refusal to consider this new claim will not result in manifest injustice because Loston does not allege any facts indicating that the jury venire was discriminatory or that his right to equal protection was violated.[16] Moreover, because Loston does not specify which race was under-represented, nor provide any information about the racial makeup of the jury venire as compared to the racial makeup of the community, his equal protection claim has no arguable basis in fact, and is thus meritless.[17]

---

[15] *See id.*
[16] R. Doc. 16 at 9-10.
[17] *Id.*

## IV. CONCLUSION

For the foregoing reasons, petitioner's motion for leave to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this __5th__ day of December, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE